**IN THE COURT OF APPEALS OF IOWA**

No. 14-0120
Filed April 16, 2014

**IN THE INTEREST OF C.T.,**
**Minor Child,**

**A.T., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Buchanan County, Alan D. Allbee, Associate Juvenile Judge.

A father appeals the termination of his parental rights to his son. **AFFIRMED.**

James T. Peters of Peters Law Office, Independence, for appellant father.

Thomas J. Miller, Attorney General, Charles K. Phillips, Assistant Attorney General, and Shawn M. Harden, County Attorney, for appellee State.

Mary McGee Light of the Juvenile Public Defender, Waterloo, attorney and guardian ad litem for minor child.

C.E., mother.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

A father appeals the termination of his parental rights to his son, born in 2005. He contends the State failed to prove the grounds for termination cited by the juvenile court.

We may affirm a termination ruling if there is clear and convincing evidence to support any of the cited grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we find clear and convincing evidence to support termination under Iowa Code section 232.116(1)(*l*) (2013). *See id.* (setting forth the standard of review). That provision requires proof of several elements, including proof that "the parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts" and "the parent's prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time considering the child's age and need for a permanent home." Iowa Code § 232.116(1)(*l*).

The father's own testimony establishes that he had a severe substance-related disorder. He began using methamphetamine as a teenager and stated he had a "meth problem" for "over a period of 20 years." He underwent treatment "a couple times" but returned to methamphetamine use as recently as 2012.

The record also establishes the child could not be returned to the custodial arrangement that existed prior to the initiation of the child-in-need-of-assistance proceeding. At that time, the child's mother had physical care of the child, and

the father exercised visitation every other weekend pursuant to a modified dissolution decree.[1]

In the spring of 2012, the department of human services learned the father did not have suitable housing for the child and may have been using methamphetamine while visiting the child. A department social worker summarized the circumstances as follows:

> Initially on the case there was information provided that [the father] was residing in a car and had visits with his son. He was homeless at the time and [the child] was sleeping in a car and . . . his father had been up for long lengths of time, and [the father] also tested positive [for methamphetamine] as well through a hair stat.

A child-in-need-of-assistance action was initiated and the father's visits with the child became supervised.

The father engaged in eleven supervised visits over a three-month period in 2012. The visitation schedule was disrupted by arrests for various crimes and was curtailed by the father's conviction and imprisonment for two of the crimes. Following his imprisonment, the father did not see the child. Fourteen months elapsed with no personal contact. Although the father was slated to be discharged to a work-release facility shortly after the termination hearing, a department social worker held out little hope that he would eschew his life of crime. Her report cited his multiple arrests during a three-month period in 2012 and his lengthy criminal history before that.

The father conceded he had been to jail or prison eight times during the child's life. While he hoped to reestablish a non-custodial relationship with his

---

[1] The father suggests that his parental rights should not be terminated because the child is in the mother's care. The Iowa Supreme Court has rejected this proposition. *See In re N.M.*, 491 N.W.2d 152, 155 (Iowa 1992).

son, he admitted reunification after his long absence would be "tough on" the child.

Based on this record, we affirm the juvenile court's termination of the father's parental rights to the child pursuant to Iowa Code section 232.116(1)(*l*).

**AFFIRMED**.